UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v. } | Case No.: 5:23-cr-200-MHH- |
| } | HNJ |
| ERIC CORTNEY EDWARDS, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION AND ORDER

Defendant Eric Cortney Edwards has asked the Court to dismiss the charges against him in this case. (Doc. 16). A grand jury charged Mr. Edwards with a violation of 18 U.S.C. § 922(g)(1) based on his alleged possession of two firearms following his prior felony conviction for possession of marijuana. (Doc. 1, pp. 1-2). Pursuant to 18 U.S.C. § 922(a)(6), the grand jury also charged Mr. Edwards with knowingly making a false statement when he acquired the firearms. (Doc. 1, p. 2). Mr. Edwards argues that the Court should dismiss both charges because 18 U.S.C. §§ 922(g)(1) and 922(a)(6) are unconstitutional as applied to him under the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons that follow, the Court denies Mr. Edwards's motion to dismiss.

By way of background, in 2022, a grand jury first indicted Mr. Edwards for his alleged illegal possession of the firearms at issue in this case and for his alleged misstatements when he bought the firearms. (Case No. 5:22-cr-166-LCB-HNJ, Doc. 1). Mr. Edwards asked the Court to dismiss the charges in the 2022 case. He argued that under *Bruen*, the Second Amendment protected his right to possess a firearm even though he had a felony conviction for possession of marijuana. (Case 22-166, Doc. 12). After the Court rejected Mr. Edwards's *Bruen* argument, (Case 22-166, Doc. 14), Mr. Edwards again moved to dismiss the 2022 indictment for a violation of the Speedy Trial Act. Mr. Edwards asked the Court to dismiss the 2022 indictment with prejudice. (No. 22-166, Doc. 18). The Court granted the motion in part and dismissed the indictment without prejudice. (No. 22-166, Doc. 21, p. 4).

The government presented its case against Mr. Edwards to another grand jury, and that jury indicted Mr. Edwards on the gun charges earlier this year. (No. 23-200, Doc. 1). Mr. Edwards has moved to dismiss the charges in this case under the Second Amendment and *Bruen*. (No. 23-200, Doc. 16). In his motion, Mr. Edwards "adopts and re-asserts the arguments for dismissal in his original motion" and discusses new authority that supports his contention that §§ 922(a)(6) and 922(g)(1) are unconstitutional because the government cannot produce evidence "that there is a historical tradition of depriving a person" like him with a prior felony conviction for first-degree possession of marijuana of his Second Amendment rights. (No. 23-

200, Doc. 16, pp. 2-4; *see also* Case 22-166, Doc. 12).  Thus, Mr. Edwards contends that the charges against him under § 922 are infirm under the Second Amendment. Under Rule 12(b)(3) of the Federal Rules of Criminal Procedure, a district court may dismiss the charges in an indictment when "there is an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

The Second Amendment protects "the right of the people to keep and bear Arms."  U.S. CONST. amend. II.[1]  As used in the Constitution, the phrase "the people," is a "'term of art'" that "unambiguously refers to all members of the political community, not an unspecified subset."  *D.C. v. Heller*, 554 U.S. 570, 580 (2008) (quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990)). There is "a strong presumption that the Second Amendment right . . . belongs to all Americans."  *Heller*, 554 U.S. at 581.  In § 922(g), Congress has identified groups of individuals within the political community who, in the judgment of Congress, by their conduct have forfeited their Second Amendment right to keep and bear firearms.  Section 922(g)(1) prohibits a "person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "ship[ping] or transport[ing] in interstate or foreign commerce, or possess[ing] in or affecting commerce, any firearm or ammunition . . . ."  18 U.S.C. § 922(g)(1).

---

[1] The Second Amendment states:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. CONST. amend. II.

In *Bruen*, a case concerning a Second Amendment challenge to a state firearm regulation, the United States Supreme Court held that for a legislative limitation on the Second Amendment right to keep and bear arms to withstand constitutional scrutiny, the government must "justify its regulation" of conduct covered by the Second Amendment's plain text by demonstrating that the regulation "is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30. Only if the government meets this burden "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Bruen*, 142 S. Ct. at 2130.

In the wake of the Supreme Court's decision in *Bruen*, criminal defendants have challenged the constitutionality of various sections of §922(g), arguing that the sections do not comport with this nation's history and tradition. Most helpful to Mr. Edwards is the Fifth Circuit's recent decision in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023). There, the Fifth Circuit examined § 922(g)(3) which prohibits a person "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm. Pursuant to *Bruen*, the Fifth Circuit held that § 922(g)(3) is unconstitutional as applied to an individual who regularly uses marijuana when the

government cannot demonstrate that the individual was intoxicated when he was found carrying a weapon. *Daniels*, 77 F.4th at 339, 355.[2]

The Fifth Circuit reasoned that, although *Bruen* concerned the right of law-abiding citizens to bear arms, the phrase "the people" in the Second Amendment does not refer to "a special group of upright citizens," so that the amendment protects "more than just model citizens' right to bear arms." *Daniels*, 77 F.4th at 342. The Court of Appeals did not construe "law-abiding" as excluding persons who use marijuana and instead found that the term "law-abiding" is "'short-hand' to exclude . . . the mentally ill and felons, people who were historically 'stripped of their Second Amendment Rights.'" *Daniels*, 77 F.4th at 343 (quoting *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (June 30, 2023)). The Fifth Circuit stated: "our history and tradition may support some limits on an intoxicated person's right to carry a weapon, but it does not justify disarming a sober citizen based exclusively on his past drug usage. Nor do more generalized traditions of disarming dangerous persons support this restriction on nonviolent drug users." *Daniels*, 77 F.4th at 340. Therefore, though Mr. Daniels admitted to regular marijuana use such that he perhaps could be charged with felony possession under state law, the Fifth Circuit found that Mr. Daniels still presumptively had Second

---

[2] After waiving his *Miranda* rights, Mr. Daniels told law enforcement officers that he used marijuana "approximately fourteen days out of a month." *Daniels*, 77 F.4th at 340.

Amendment rights "[b]ecause [he was] not a felon" and held that history and tradition did not support restricting firearm possession based on the defendant's use of marijuana. *Daniels*, 77 F.4th at 343, 355.

The only daylight between Mr. Edwards and Mr. Daniels lies in Mr. Edwards having been convicted for possessing marijuana in a state in which possession is a felony offense.[3] The constitutional implications of the seemingly disparate treatment of these defendants would be interesting to explore if the Court were writing on a clean slate, but Eleventh Circuit precedent makes such analysis academic. The Eleventh Circuit's decision in *United States v. Rozier* forecloses Mr. Edwards's argument that §922(g)(1) is unconstitutional. *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). In *Rozier*, a pre-*Bruen* decision, the Eleventh Circuit held that § 922(g)(1) does not violate the Second Amendment. *Rozier*, 598 F.3d at 771. *Rozier* is binding precedent and controls the issue in this case.

"[A] later Supreme Court decision" provides "a basis for failing to follow" Eleventh Circuit precedent only if the Supreme Court decision is "clearly on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding of the prior panel.'" *Sabal Trail Transmission, LLC v. 18.27*

---

[3] Under Alabama law, an individual's first conviction for possession of marijuana for personal use is a misdemeanor offense. A second conviction for possession of marijuana for personal use or a conviction for possession for other than personal use is a felony offense. Ala. Code §§ 13A-12-213, 13A-12-214.

*Acres of Land in Levy Cnty.*, 59 F.4th 1158, 1164 (11th Cir. 2023).  This Court must follow the holdings of prior Eleventh Circuit decisions "[e]ven if the reasoning of an intervening high court decision is at odds with a prior [Eleventh Circuit] decision."  *United States v. Vega-Castillo*, 540 F.3d 1235, 1237 (11th Cir. 2008).  Although a criminal defendant like Mr. Edwards might ask the Eleventh Circuit Court of Appeals to revisit *Rozier* and apply the *Bruen* historical analysis to a case concerning a prior felony conviction for possession of marijuana, the *Bruen* decision does not abrogate *Rozier* and therefore does not open the door for this Court to examine the rationale of *Rozier* and depart from its holding.[4]  In *Bruen*, the Supreme Court affirmed the right of "ordinary, law-abiding citizens" to "carry handguns publicly for their self-defense."  *Bruen*, 142 S. Ct. at 2122 (2022).  The *Bruen* court did not consider the right of a felon to carry firearms.  *Bruen*, 142 S. Ct. at 2157 (Alito, J. concurring) ("Our holding decides nothing about who may lawfully possess a firearm."); *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J. concurring) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.") (quoting *D.C. v. Heller*, 554 U.S. 570, 626 (2008) (brackets in *Bruen*).  In *Rozier*, the Eleventh Circuit considered whether § 922(g)(1) was constitutional under the Second Amendment and

---

[4] The Eleventh Circuit currently has pending before it a case in which the defendant has asked the Court of Appeals to revisit *Rozier* in light of *Bruen*.  *See United States v. Lorenzo Pierre*, 11th Cir. Docket No. 23-11604, Doc. 13.

determined that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," including felons. *Rozier*, 598 F.3d at 771. Thus, because *Bruen* addressed the rights of law-abiding citizens, the Supreme Court's decision is not "clearly on point" to the issue in *Rozier* concerning felons.[5]

Therefore, the Court denies Mr. Edwards's motion to dismiss the charge against him under § 922(g)(1). The Court's finding regarding Mr. Edwards's challenge to § 922(g)(1) is fatal to his related challenge to § 922(a)(6) because the second flows from the first.[6] Accordingly, the Court denies Mr. Edwards's motion to dismiss the charge against him under § 922(a)(6).

---

[5] *Bruen* seems to weaken the rationale in *Rozier*. *Bruen* requires the government to "justify its regulation" of conduct covered by the Second Amendment's plain text "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30. In *Rozier*, the Eleventh Circuit did not consider whether history and tradition support permanently prohibiting all felons from possessing firearm. Instead, the Eleventh Circuit considered the Supreme Court's mention of "longstanding prohibitions on the possession of firearms by felons" in *Heller* and found that such language "suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Rozier*, 598 F.3d at 771 (discussing *Heller*, 554 U.S. at 626). Thus, *Rozier* relies on limiting language constructed without "an exhaustive historical analysis." *Heller*, 554 U.S. at 626. Such reliance now may be inappropriate, given the Supreme Court's instruction in *Bruen* that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127. But while *Bruen* announced a stringent test for regulations under the Second Amendment, it did not hold that §922(g)(1) or similar laws restricting a felon's right to possess a firearm are unconstitutional. Therefore, this Court is bound by *Rozier* because *Bruen* does not directly conflict with or abrogate *Rozier*'s holding that § 922(g)(1) does not violate the Second Amendment.

[6] Section 922(a)(6) prohibits a person, in connection with the acquisition of a firearm, from "knowingly [] mak[ing] any false or fictitious oral or written statement . . . intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm . . ." 18 U.S.C. §922(g)(6). In his brief

Mr. Edwards filed a speedy trial waiver in which he waived his rights under the Speedy Trial Act through November 1, 2023 to allow time for the Court to resolve his motion to dismiss. Mr. Edwards asked the Court to find that the ends of justice have been served by the exclusion of time and that the exclusion outweighs his interest and the public's interest in a speedy trial. (Docs. 21, 21-1). The Court accepts the waiver and finds that the ends of justice have been served by the waiver through November 1, 2023.[7] By the Court's calculation, absent another waiver or pretrial motion, the speedy trial clock will expire in this case on **December 9, 2023**.

**DONE** and **ORDERED** this November 22, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

in support of his motion to dismiss in his initial case, Mr. Edwards argued that the alleged false statement made during his acquisition of the firearm at issue concerned his prior felony conviction, and his alleged failure to disclose his prior felony conviction for possession of marijuana was not material to the firearm sale per the rationale of *Bruen*. (No. 22-166, Doc. 12, p. 24).

[7] Mr. Edwards's waiver does not include a November 1, 2023 deadline, (Doc. 21-1), but his motion does. The Court honors the November 1, 2023 deadline. The Court notes that it held a telephone conference on October 12, 2023 to ask if the parties wished to await the Supreme Court's decision in the *Rahimi* case, and the attorneys declined the invitation.